No. 15,179.

MILLER *v.* BOMA INVESTMENT COMPANY.
(144 P. [2d] 988)

Decided January 10, 1944.

Mr. FOSTER CLINE, Mr. W. D. McCLAIN, Mr. EDWIN WILLIAMS, for plaintiff in error.

Mr. HENRY McALLISTER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THE district court entered judgment on the verdict of a jury, which found for defendant, dismissing plaintiff's

complaint. Plaintiff seeks a reversal of that judgment, predicating error on the giving of Instruction No. 2 over his objection and on the refusal of the court to give his tendered Instructions Numbered 1 and 2. For convenience, the parties are herein designated as Miller, or plaintiff, and as the Boma Company, or defendant.

The basis of this litigation is the following contract:

"Memoranda of Agreement made and entered into this twenty-sixth day of October, 1921, by and between Fred B. Rogers, Harry R. Rogers, George Goff, and W. H. Patten, parties of the first part, and Henry A. Miller, party of the second part witnesseth:

"Whereas all of said parties have rendered services and expended money in gathering information and in procuring titles to oil lands in the Salt Creek Field, Natrona County, Wyoming, including the Linn, McFarland, Andrew Simmons, Annen Simmons, and Milan, and are using their best efforts to secure other titles; and

"Whereas, the said Henry A. Miller, representing the parties of the first part, and himself, is negotiating for a settlement, sale, or other disposition of said titles, with the knowledge and consent of the parties of the first part, and it is mutually agreed and understood that of any and all moneys, lands, royalties, or interest in lands or royalties or other property he may receive by and through such settlement, sales, etc., two (2%) per cent shall be paid to the abstracter of Natrona County, Wyoming, who has performed and is performing services in the aid of this enterprise, and all of the rest and residue of such receipts shall be divided equally between the five parties to this agreement, share and share alike.

"It is understood, that unless otherwise agreed in writing, the said party of the second part shall not negotiate for a settlement, sale or other disposition of said titles which will not realize to all of the parties to this agreement, and the said abstracter at least seventeen and one-half (17½) per cent of the whole.

"In witness whereof the parties hereto have hereunto

set their hands and seals the day and year first above written.

Fred B. Rogers (Seal)
Harry R. Rogers (Seal)
George Goff (Seal)
W. H. Patten (Seal)
Henry A. Miller (Seal)"

After alleging the execution of the contract, plaintiff further alleged, as stated in the abstract of record, that: "Frederick Bonfils was a party to said contract, and had plaintiff's name inserted therein. That Bonfils agreed with the parties to said contract to distribute any settlement money in accordance with the terms of the contract. That thereafter, Bonfils received $200,000.00 in part settlement for the claims, but did not account to plaintiff for plaintiff's share thereof. That Defendant received the money. That Bonfils was in control of defendant's corporation, which was organized and operated for Bonfils' sole use and benefit."

Defendant by its answer admits the execution of the contract and Bonfils' control of defendant corporation, and denies most of the other allegations of the complaint, including the allegation that Bonfils made a settlement of the claims mentioned in the contract for any amount other than that accounted for to the contracting parties in manner as provided by the contract. Defendant further alleged that if Bonfils made such a settlement and received the $200,000.00 as alleged, that he had, notwithstanding, paid to plaintiff Miller more than the amounts to which he was entitled under the contract even on the basis of the alleged settlement for the larger amount.

With the exception of plaintiff Miller, all of the joint adventurers under the contract who participated in the settlement and division of the funds, and who conceivably could have an interest in or throw light on the acts and the designs and purposes that motivated them, had passed to the Great Beyond and none gave depositions

or returned to testify. Plaintiff testified that he did not discover the discrepancy between the financial basis of settlement among the joint adventurers and the basis of settlement alleged between Bonfils and the Midwest interests until after Bonfils and his partner, Tammen, whose Plains Investment Company participated to the extent of one-half of the $200,000.00 alleged by Miller to have been a part of the settlement, and by the Boma Company to have been a profit on an option agreement, were dead. John Bottom, their lawyer, Patten, who participated in the division to the same extent as Miller, and L. L. Aitken who negotiated the settlement for the Midwest interests, also were dead. Their acts and deeds, as shown by the record, alone speak for them.

Plaintiff testified directly to the rectitude of his conduct in taking $20,818.64 more than the amount received by each of his coadventurers named in the contract, other than Patten, as reimbursement for expenses incurred by him over a long period of time of which he kept no record because he was sure that in the fullness of time Bonfils, allegedly interested with him in these various alleged projects, would see that he sustained no loss. These expenses were in addition to $1,150 expenses for which a separate check was given him at the time of the division of the $148,500. That $148,500.00 was received in settlement of the claims apparently was known to the greater number of those in interest. Defendant here contends this was the full amount received therefor. But in a suit against Miller by Goff, one of Miller and Bonfils' coadventurers, represented by the same counsel here appearing for Miller, Goff recovered a judgment for $6,702.45, with interest from May, 1924, which we affirmed. *Miller v. Goff*, 100 Colo. 545, 68 P. (2d) 915. Since Miller, as shown by the record in that case, and in the present one, received only his proportionate share with his coadventurers and co-contractors, $3,413.10, to which he clearly was entitled, and the $1,150.00 specified expenses, and $20,818.64 herein ex-

plained as a reimbursement for other expenses incurred, presumably Miller disgorged out of the $21,968.64, money that he here claims he received as reimbursement for his own moneys expended. The foregoing is historically interesting, but the former adjudication is not determinative of this case. That these expenses apparently were not found to be such, as between Goff and Miller, is not res judicata that they were not expenses as between the Boma Company and Miller. We are, however, of the opinion that this expense issue was determined in the instant case also—though from another angle—adversely to plaintiff.

Instruction No. 2, the giving of which over his objection, plaintiff assigns as error, was as follows:

"It is the contention of the plaintiff in this case that the $100,000 received by defendant on or about August 27, 1924 was connected with, arose out of, and constituted a part performance pursuant to the contract set forth in Instruction No. 1 hereof,

"It is the contention of the defendant that the said $100,000 above referred to constituted no part or portion and was in no way or manner connected with said contract set forth in Instruction No. 1. It is the further contention of the defendant that, should the jury believe from all the evidence herein that said $100,000 was connected with said contract or paid in part performance thereof, the plaintiff has received full payment of his percentage thereunder.

"These, briefly, gentlemen, are the contentions of the parties respectively, and are the issues you are to determine. If you find that the said $100,000 mentioned was connected with or arose out of matters covered by said contract then you are also to consider any and all payments of percentage or commission received by plaintiff which likewise arose out of, were pursuant to or a part of said contract, that you might determine whether or not at this time plaintiff has any remaining balance due him."

By this instruction the jury was advised that it might find, if it so believed from the evidence, that the $100,000.00 received by the Boma Company (the other $100,000.00 of the $200,000.00 allegedly received was paid over by Bonfils to his partner, Tammen's company, The Plains Investment Company), was a part of the settlement, which Bonfils as a joint adventurer with the other five contracting parties was commissioned to make. The words used are even broader than the word, "settlement." All the jury was required to find, to establish defendant's liability, was that the $100,000 was connected with, or arose out of, matters covered by the contract. This is one of the essential elements of plaintiff's case. Furthermore, under this instruction the jury, if it found that the $100,000 was a part of the settlement which was contemplated by the contract or that it arose out of or was connected with the matters covered by the contract, was told also that it should next consider what other payments, if any, had been made to plaintiff which arose out of the contract, in order to determine whether plaintiff had any balance due him. This we think clearly and definitely placed upon the jury the duty of determining whether the $20,818.64 which plaintiff received over and above the amount received by him and his coadventurers, $3,413.10, was reimbursement for his expenses, as he contended, or whether, under the facts and circumstances of the case as they appeared, it was a payment to Miller which arose out of the contract and should be offset against Miller's three and one-tenth per cent of any amount which Bonfils received in settlement. If the jury had found that the additional amount received by Miller more than his coadventurers received was in fact a reimbursement for his expenses, paid to Miller by Bonfils out of his own money, it could have done nothing under the instruction other than to find for plaintiff. In the light of the verdict for defend-

ant, we must assume that the jury's conclusion was otherwise. We are of the opinion that notwithstanding the direct testimony of plaintiff that the additional moneys received were reimbursement for his expenses, that there was ample circumstantial evidence to justify a contrary conclusion and a finding that they were a settlement between Bonfils and Miller on the basis of a greater amount received for the claims than the $148,500. The inferences to be drawn from such circumstances, and the weight to be given to plaintiff's testimony, were matters solely for the jury's determination.

 Plaintiff tendered two instructions which the court refused to give, and this refusal is assigned as error. These tendered instructions, numbered 1 and 2 respectively, were as follows:

No. 1. "The jury is instructed the plaintiff contends that the $100,000 received by the defendant from F. G. Bonfils was a part of the settlement for the interests in the oil claims mentioned in the contract of October 26, 1921, and that the alleged option given by the oil companies to F. G. Bonfils was a subterfuge and not a bona fide or a good-faith transaction. Plaintiff further contends said option was for the purpose of concealing the fact that said $100,000 was a part of the settlement for said claims.

"You are instructed that if you believe the said $100,000 was in part consideration for the oil claims mentioned in the contract of October 26, 1921, or if you further find that the option contract was not a bona fide or good faith option but was given for the purpose of concealing the true facts of the transaction, then your verdict must be for the plaintiff."

No. 2. "You are instructed that if you find and believe from the evidence that the agreement made and entered into between Frederick G. Bonfils and the oil companies to the effect no more cases would be handled against said companies by the said Frederick G. Bonfils

and if you further find that this agreement was a part consideration of the settlement for the claims referred to in the contract of October 26, 1921, then your verdict shall be for the plaintiff."

Our approval of Instruction No. 2 given by the court indicates the vice in each of these instructions. In Instruction No. 1 the jury was told that if it found that the alleged option agreement was not a bona fide or good-faith option, but was given to conceal the true facts of the transaction and that the $100,000.00 received by defendant was a part of the consideration for the settlement of the joint adventure claims, that its verdict must be for the plaintiff. Similarly, the jury was advised that if a part of the consideration for the settlement was that Bonfils would assert no more claims against the Midwest interests, that the jury must render a verdict for the plaintiff. If the $200,000.00 was found by the jury to have been received under a bogus option, or as consideration for not prosecuting other claims, the jury was in effect directed by tendered instructions numbered 1 and 2 to find it a part of the settlement for the claims. If the instructions had so stated and gone no further they would have been proper. The tendered instructions direct the jury, if it makes the foregoing finding, to render a verdict for plaintiff. They are not proper instructions since they failed further to advise the jury, as was done in the court's instruction No. 2, that any payment pursuant to the contract received by plaintiff should be considered in determining whether a balance was due plaintiff and if so, the amount thereof. As we have pointed out, plaintiff received $25,381.74, which is $21,968.64 more than the amount received by three of his contract coadventurers. Whether this was a reimbursement for expenses incurred and paid by Miller, or a payment pursuant to the terms of the contract, was an issue in the case which was properly submitted to the jury for its solution under conflicting evidence and

permissible inferences to be drawn therefrom. This issue it resolved in favor of defendant.

The judgment is affirmed.

MR. JUSTICE GOUDY not participating.