No. 20724.

PETE LEE QUINTANA *v.* DALE KUDRNA.
(402 P.2d 927)

Decided June 14, 1965.

RICHESON and LAWLER, for plaintiff in error.

JOHN J. ATKINSON, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

THE writ of error here is directed against a judgment entered against the plaintiff in error, Pete Lee Quintana, by the trial court sitting as the trier of the facts arising

out of an action brought against Quintana by the defendant in error, Dale Kudrna. The claim arose out of an automobile accident which occurred on December 23, 1961. Quintana's sole assignment of error is that Kudrna failed to prove that Quintana was the driver of the automobile which struck his car.

Kudrna's car was parked off the highway at the time of the accident while he was investigating some trouble in the motor. Parked a few feet in front of him was another car. About 15 minutes after Kudrna had parked his car, it was struck violently from the rear by another car, which careened from the highway after the collision and finally came to a stop approximately 109 feet from the point of impact. Kudrna was severely injured by being jammed between his car and the car parked in front of him.

Several minutes later, police officers arrived and inspected the automobile which had struck the Kudrna vehicle. There they found Quintana slumped over the steering wheel with blood on his shirt resulting from contact with the steering post. No one else was in the car. Quintana was then taken to the hospital.

Later, at the hospital, the police officers talked with Quintana who told them that just before the accident he was proceeding north on the street in question. He stated that he was returning from a visit with friends with whom he had been drinking. He also told them that just before the accident he had a blackout and therefore could not recall anything about the accident. Quintana did not testify at the trial and put on no evidence at the close of the plaintiff's case.

Quintana argues that the circumstances here show only a possibility that he may have been the driver of the offending automobile but not a probability, and that therefore the trial court's finding of fact that he was the driver cannot be sustained. He premises this argument on a statement that a finding based on inferences drawn from circumstantial evidence

cannot stand. That is not the law in Colorado; for we have repeatedly held that it is within the province of the trier of the fact to draw the inferences of fact from the circumstances present, and reasonable inferences properly deducible from such circumstances will support a judgment based upon them. *Miller v. Boma Inv.,* 112 Colo. 7, 144 P.2d 988; *Hyman & Co. v. Velsicol Corp.,* 123 Colo. 563, 233 P.2d 977.

As the trial court so aptly pointed out, it could take judicial notice that automobiles generally do not operate without drivers. The circumstances as they appear in the record of this case not only lead to the reasonable inference but to the inescapable conclusion that Quintana was the operator of the vehicle which struck the Kudrna car.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.